**Joy TEMPLE, Plaintiff,**

v.

**Herbert E. REESE, et al., Defendants.**

No. CV84–0–211.

United States District Court,
D. Nebraska.

Jan. 22, 1985.

Warren Schrempp, Schrempp, Hoagland, Gray, Gerdes & Salerno, Omaha, Neb., Gerald R. Ralph, Des Moines, Iowa, for plaintiff.

James Snowden, Knudsen, Berkheimer, Richardson & Endacott, Lincoln, Neb., Joseph Bataillon, Sodoro, Daly & Sodoro, Omaha, ·Neb., Robert Grimit, Baylor, Evnen, Curtiss, Grimit & Witt, Lincoln, Neb., for defendants.

## MEMORANDUM AND ORDER

DAVID L. PIESTER, United States Magistrate.

At the pretrial conference in this matter held December 19, 1984 the defendants objected to the listing of two of the plaintiff's witnesses, Stephen L. Gerdes and Gerald R. Ralph, both of whom are members of the law firm representing plaintiff in this action. The parties were given an opportunity to brief the issue to the undersigned, which has now been done.

This case has been scheduled for bifurcated trials, the first of which has to do with the defense of the applicable statutes of limitations, §§ 44–2828 and 25–222, R.R.S Neb. 1943 (Reissue 1978). (*See*, order on preliminary pretrial conference, filing 22; order on final pretrial conference, filing 27, paragraph D.) Plaintiff's counsel have stated in the brief in opposition to the objection that the purpose of one or both of the attorneys testifying would be to impeach the expected testimony of Dr. Dale Waters. Plaintiff contends that she first became aware of the possibility that her medical condition was a result of malpractice on April 8, 1983, when Dr. Waters told her that her problems must have resulted from a "slip of the knife or a missed stitch" in the original surgery performed in August 1978. At Dr. Waters' deposition taken in October 1984, he denied making the statement. Both Mr. Gerdes and Mr. Ralph, according to the plaintiff's brief, would testify that they had conversations with Dr. Waters in which he confirmed to them that he did tell the plaintiff and her husband that her problems so arose.

Defendants argue that the plaintiff's attorneys should not be permitted to testify, or, in the alternative, that if they are permitted to testify, the plaintiff's law firm should be disqualified from representing her in this case, relying upon Disciplinary Rules 5–101(B) and 5–102(A) of the Nebraska Code of Professional Responsibility.[1]

---

1. DR 5–101

(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

DR 5–102 Withdrawal as Counsel When the Lawyer Becomes a Witness

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

The applicable provision is DR 5–102(A), in that this is not a situation involving the acceptance of employment by a lawyer contemplated in DR 5–101(B). Nevertheless, the proviso of DR 5–102(A) brings to bear the exceptions of DR 5–101(B). The question, of course, is whether, in the circumstances of this case, the lawyers "ought to be called" to testify on behalf of their client. This phrase has been strictly construed by those courts which have interpreted it. *Cf. Cossette v. Country Style Donuts, Inc.*, 647 F.2d 526 (5th Cir.1981) (plaintiff failed to show that it was "obligatory" to testify in order to advance the client's case "completely and zealously", at 530–531); *Davis v. Stamler*, 494 F.Supp. 339, 342, *aff'd.* 650 F.2d 477 (3rd Cir.1981) (attorney must have "crucial information," and is not indispensable if other witnesses are available to testify to the same information). *See also J.P. Foley and Co., Inc. v. Vanderbilt*, 523 F.2d 1357, 1358–1359 (2nd Cir.1975).

It would appear, in view of the issues set forth in the pretrial order regarding the statutes of limitations defenses, that the testimony of Dr. Waters, if plaintiff is to succeed, must be impeached. Plaintiff's counsel are, according to the information provided to the court, the only persons who may be in a position to do so by their testimony. In these circumstances it is apparent that one or both of the lawyers "ought to be called" to testify in plaintiff's first trial, unless the plaintiff has other testimony on the issues of her "discovery" of her claims which would refute the expected testimony of Dr. Waters or otherwise impeach it.

■ The exception language in DR 5–102(A) allows a lawyer to continue representation even when he or another lawyer in his firm will testify, in the circumstances enumerated in DR 5–101(B)(1)–(4). The first three of those exceptions do not apply in the circumstances here. Plaintiff's counsel argue, however, that if they are required to either not testify or remove themselves from representation that such an order would work a "substantial hardship" on the plaintiff. Counsel point to the difficulties they have had in seeking other counsel with whom to associate on this case, due to the fact that most law offices in this area have some connection with certain members of the medical community such that a conflict of interest would arise. They further argue that the hours they have spent preparing the plaintiff's case would be wasted, causing undue expense to the plaintiff in obtaining substitute counsel and for that counsel to adequately prepare for the upcoming trials. I am unable to agree with plaintiff's counsel in this respect, for two reasons. First, the present situation arises only regarding the first trial on the statutes of limitations defenses; there is no indication that, if plaintiff's counsel were not to represent plaintiff in the first trial, they could not represent her subsequently. Second, there has been no showing upon which I can base a finding that other counsel are unavailable to represent plaintiff in the first trial. I therefore conclude that the exception of DR 5–101(B)(4) does not apply in this case.

■ Plaintiff's counsel also argue that this matter should be governed by the applicable provisions of the ABA Model Code of Professional Responsibility, specifically Rule 3.7(B), which states:

A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Concededly the exceptions of Rules 1.7 and 1.9 do not apply in this case. I must reject the argument of plaintiff's counsel for the reason that Local Rule 5K(4)b provides that this court is governed by the Code of Professional Responsibility adopted by the highest court of this state, and the Nebraska Supreme Court has not adopted the ABA Model Code, at least as of this date.

I must, therefore, sustain the defendants' objection and require that the plaintiff either strike the two witnesses from the plaintiff's witness list in the pretrial order or obtain substitute counsel, from a

**4**

different law firm, to handle the first trial on the statutes of limitations.

IT THEREFORE HEREBY IS ORDERED, the defendants' objection to the listing of Stephen L. Gerdes and Gerald R. Ralph as witnesses for the plaintiff in the first trial on the statutes of limitations defenses, is hereby sustained. Plaintiff is hereby given ten days in which to file a statement of her election to either strike these two witnesses from her witness list, or, in the alternative, to obtain substitute counsel for the first trial on the statutes of limitations defenses.